

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00729-CR

James Joshua **GRIFFIN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR11589
Honorable Jennifer Peña, Judge Presiding

Opinion by:      Lori I. Valenzuela, Justice

Sitting:         Luz Elena D. Chapa, Justice
                 Liza A. Rodriguez, Justice
                 Lori I. Valenzuela, Justice

Delivered and Filed: December 4, 2024

AFFIRMED; MOTION TO WITHDRAW GRANTED

James Joshua Griffin was indicted for indecency with a child both by contact and by exposure. Griffin entered a plea bargain with the State in which he pled no contest to the lesser offense of intentionally and knowingly causing injury to a child. *See* TEX. PENAL CODE § 22.04(a). The trial court accepted his no-contest plea, deferred a finding of guilt, ordered that he be placed on community supervision for ten years, ordered that he complete one hundred hours of community service, and assessed a $1,000 fine. As part of the plea bargain, Griffin agreed to terms

and conditions of community supervision, including a requirement to complete sex offender treatment and to be supervised by the Sex Offender Management Team. Following the trial court's acceptance of Griffin's no-contest plea, the trial court certified Griffin retained a limited right to appeal adverse rulings on matters raised by written motion and ruled on before trial if such motions were not withdrawn or waived.

On appeal, Griffin's court-appointed appellate attorney filed a brief in which he concludes this appeal is frivolous and without merit, and requests to withdraw as counsel. The brief demonstrates a professional and thorough evaluation of the record and meets the requirements of *Anders v. California,* 386 U.S. 738 (1967) and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). Counsel sent copies of the brief, which included a request to withdraw, to Griffin and informed him of his rights in compliance with the requirements of *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014). This court notified Griffin of the deadline to file a *pro se* brief. Griffin did file a *pro se* brief; however, under his limited right to appeal, his brief presents nothing for us to review.

We have thoroughly reviewed the record, counsel's brief, and Griffin's brief. We find no arguable grounds for appeal exist and have decided the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *see also Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). We therefore grant the request to withdraw filed by appointed counsel and affirm the trial court's judgment. *See id.*

No substitute counsel will be appointed. Should Griffin wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for

discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See id.* 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* 68.4.

Lori I. Valenzuela, Justice

DO NOT PUBLISH